IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LYNDON BARNELL BROWN**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 3:08-cv-315-DPJ-JCS**

**HINDS COUNTY BOARD OF SUPERVISORS,**
**MALCOM MCMILLAN, RUTH WYATT AND**
**TERRI MITCHELL**  **DEFENDANTS**

<u>ORDER</u>

Plaintiff, an inmate currently incarcerated in the Hinds County Detention Center, Raymond, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 on May 20, 2008. On June 2, 2008, an order was entered directing Plaintiff to file a written response, on or before June 23, 2008. Plaintiff has failed to comply with this order. Plaintiff was warned in this Court's order that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

On July 9, 2008, an order was entered directing Plaintiff to show cause, on or before July 28, 2008, why this case should not be dismissed for his failure to timely comply with the Court's June 2, 2008, order. The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. Plaintiff did not comply with the Court's order.

Further, this Court's orders of June 2, 2008 and July 9, 2008, warned Plaintiff that his failure to advise this Court of a change of address would result in this cause being dismissed without further written notice to Plaintiff. On July 22, 2008, the envelope containing correspondence from this Court was returned by the postal service with the notation "return to sender." Plaintiff has failed to keep the Court informed of his current address.

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

Plaintiff has not complied with two court orders, nor has he contacted this Court since May 21, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendants have never been called upon to respond to Plaintiff's pleading and since the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 22th day of August, 2008.

                                            s/ *Daniel P. Jordan III*
                                            UNITED STATES DISTRICT JUDGE